80 NEW JERSEY SUPREME COURT.

Cape May v. Cape May Trans. Co. *64 N. J. L.*

# THE CITY OF CAPE MAY v. THE CAPE MAY TRANSPORTATION COMPANY.

Submitted July 10, 1899—Decided November 13, 1899.

1. In an action, in which the declaration refers to an ordinance, as annexed thereto, the ordinance becomes a part of the declaration as fully as if it was accurately stated therein.

2. When the action is by the city against a street railway company to recover a stipulated sum for "each passenger car" run on the railway, in accordance with the ordinance which provided that in consideration of the grant or authority to lay out and construct such railway, and to run cars thereon, a certain sum should be paid for "each passenger car," the declaration in such action must conform to the ordinance, and the averment should be of the liability of the railway company for the stipulated fee for "each passenger car." The averment of liability for "each" car run on said road is not sufficient. Where the action is upon an ordinance or statute, the defendant must in the declaration be brought within the terms of such ordinance or statute.

3. Where the fees for the running of cars are by the city imposed by the ordinance only upon the railway company named in the ordinance, an action cannot be maintained by the city against the lessee of such railway for such fees, unless there be in the lease some agreement, condition or covenant in reference to such ordinance, made for the benefit of the city, and which enures to the benefit of the city, and the declaration in such an action is not sufficient without an averment of such agreement, condition or covenant therein, as no privity of contract or obligation between the city and the defendant in such case arises by the ordinance itself.

4. A city under the power merely "to regulate the streets thereof, and to prescribe the manner in which corporations shall exercise any privilege granted them in the use of any street," cannot enact an ordinance imposing license fees for revenue, upon a railway in the use of the streets. The power under such authority is one of police regulation merely, and the fees imposed must be reasonable in view of the accomplishment and fulfillment of such regulation. Under such a power the right of taxation for revenue is not conferred.

5. Under the act of 1885 (*Pamph. L.*, p. 317) the power is conferred to license by ordinance the running of cars in the streets of cities, and that the fees for such licenses may be imposed for revenue. The ordinance enacted under this statute must provide for such license in express terms, and that the fees for such license are imposed for the purposes of revenue.

On demurrer to the declaration.

Before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff, *Howard Carrow* and *J. Spicer Leaming.*

For the defendant, *Thomas E. French.*

The opinion of the court was delivered by

LIPPINCOTT, J.    There are in this case separate demurrers to the first and second counts of the declaration.

The first count of the declaration sets out that on June 9th, 1881, the plaintiff by an ordinance granted to the Cape May and Sewell's Point Railway Company the right to lay out and construct a certain railway in the city of Cape May along the sea beach, and that in and by said ordinance it was provided that in consideration of said grant the railroad company should pay, or cause to be paid into the treasury of the city, the sum of $20 per annum, payable on August 1st, in each year, for each and every passenger car run on said road; that the said railroad company accepted the provisions of said ordinance and constructed said railroad, and that the Cape May and Sewell's Point Railroad Company, in the year 1896, leased its railroad so constructed to the defendant, and the defendant assumed all its obligations.    The first count then proceeds : "And whereas the said defendant during the years 1897 and 1898 ran and operated thirteen cars each year on said road; that the plaintiff frequently requested the defendant to pay the plaintiff the sum of twenty dollars per car for each of said years as provided in said ordinance, and although the defendant has promised to pay the same, yet the defendant refuses to pay the plaintiff any money whatever for running said cars over said road, and there is due to the plaintiff therefor the sum of five hundred and twenty dollars."

The second count, taking all of the averments together, sets out that " Whereas the said defendant during the years 1897 and 1898 operated, controlled, ran and managed certain trolley cars in the city of Cape May (the plaintiff), in the county of Cape May, State of New Jersey; that the plaintiff

by ordinance duly passed and approved on May 3d, 1893, provided there should be paid to the plaintiff annually the sum of twenty dollars for each trolley car operated within the city of Cape May, yet the said defendant has refused and neglected to pay the said sum of money or any part thereof, although often requested so to do, and there is due the plaintiff therefor the sum of five hundred and twenty dollars."

The ordinance itself is referred to in the first count of the declaration, and is annexed to and made a part thereof.

In neither counts of the declaration is there any averment which, so far as the operation of passenger cars are concerned, brings the defendant within the terms of the ordinance. The provision in the ordinance refers to " passenger cars," the averment in both counts of the declaration is that the defendant operated and ran only " cars."

If liability of the defendant is to be predicated upon the ordinance, then in an action upon this liability so created the averment must bring the defendant within its provisions. It can be likened to a cause of action growing out of a statute by virtue of which the action is brought. The declaration must bring the defendant within its terms. This defect is common to both counts of the declaration.

There are other objections to the whole declaration. There is no averment in either count which states any contract whatever between the plaintiff and the defendant. The ordinance shows no provision whatever binding the defendant to the payment of any moneys to the city. If this ordinance could be considered an obligation on the part of the Cape May and Sewell's Point Railway Company to pay the city in accordance with the ordinance, still the defendant was no party to such an obligation. It is quite sufficient in the view taken of this matter, that there existed no privity of obligation between the plaintiff and the defendant. If any duty was owing to the city under this ordinance it was the duty of the Sewell's Point Railway Company and not that of the defendant. The ordinance cannot be construed against its clear language to cover the railway of the defendant company.

It is averred in the first count of the declaration that the Sewell's Point Company leased its railroad "to the defendant, and the defendant assumed all its obligations." But it is observed that the declaration is not founded upon this lease, and what the obligations of the defendant were under the lease does not appear further than this general allegation.

In this count the lease referred to is not set out, and by the averment no liability of the defendant to the plaintiff appears. No agreement with the plaintiff to pay the charge sought to be imposed by the city is alleged, nor is it shown any consideration whatever made or existed between the plaintiff and defendant from which an agreement to pay could be implied. No agreement, condition or covenant between the defendant and the Cape May and Sewell's Point Railroad Company, for the benefit of the city of Cape May, has been set out.

The obligation, if any existed by virtue of the ordinance and its acceptance, was between the city and the Cape May and Sewell's Point Railroad Company alone. The obligations were those of the railroad company, and a mere lease from the railroad company to the transportation company of the railroad did not create any liability of the defendant to the city. No action could be sustained by the plaintiff against the defendant based upon such a lease. The assumption of the obligation, if it was one which could be enforced, might give rise to an action by the lessor against the lessee, but certainly could not be sustained by a third party. There is no averment in either count of the declaration of any agreement or covenant contained in this lease for the benefit of the plaintiff, or which enured to its benefit.

Nor is there any averment of any statute of this state which creates such a liability on the part of the defendant to the city by virtue of the succession of the defendant to the franchises, rights and liabilities of the Cape May and Sewell's Point Railroad Company. If any such liability so arises the averments of the declaration must bring the case within the

provisions of the statute. (In this case the court has not perceived the contention that the action is based upon any obligation created by statute.)

But there appears a question more fundamental, which would seem to dispose of this right of action, based upon this ordinance and its acceptance, and that is the question of the authority of the city of Cape May to impose such a condition as is imposed by the ordinance upon the Cape May and Sewell's Point Railroad Company for the privilege to run cars within the city limits. If no such authority existed no liability can attach to the defendant. This imposition is sought to be justified by the exercise of the police power of the city under and by virtue of the provisions of its charter. The only power given by the charter in this respect is that the city council shall have power to "regulate the streets" and "to prescribe the manner in which corporations shall exercise any privilege granted to them in the use of any street, avenue, highway or alley in said city." *Pamph. L.* 1875, *p.* 214, ¶ 7.

The subject is elaborately discussed in the case of *North Hudson County Railway* v. *Hoboken*, 12 *Vroom* 71. In the opinion in that case, in this court, is clearly defined the distinctions between regulations of the city which are and which are not valid as against the railway company exercising its legislative right of running cars in a city under and in accordance with its charter. Following the principles established in that case, it is manifest that the ordinance is clearly illegal as beyond the power and authority of the city council to enact, and even if the ordinance had provided for a license under its police power alone, the fees attempted to be exacted are unreasonable, and the city, under this section of the charter, acquires no power to tax the defendant for purposes of revenue by such an ordinance as this is.

"Under the power simply to regulate, an ordinance cannot be passed to tax for revenue purposes. In the course of the administration of such a power the public treasury may be incidentally benefited by the imposition of a fine and penal-

ties, but in all such cases it must appear that the means adopted are such as are reasonably necessary to accomplish the purpose of a regulation merely. Under such a power the right of taxation for revenue is not conferred." *North Hudson County Railway* v. *Hoboken,* 12 *Vroom* 71.

As a police regulation this ordinance was unreasonable and therefore void.

Neither can the plaintiff have any standing to maintain this action against the Cape May and Sewell's Point Railroad Company, and consequently not against the defendant, under the act of 1885, which grants the powers to the city to license by ordinance the running of the cars, &c., and that the fees for such licenses may be imposed for revenue. *Pamph. L.* 1885, *p.* 317, §§ 1, 2; *Gen. Stat.* 2234, ¶ 517.

Neither count of the declaration recites any such ordinance, nor that any license was taken out, or that the fee was imposed as a license for the purpose of revenue. An inspection of the ordinance itself, as annexed to the declaration, or the first count thereof, shows that no such averment could be made in a declaration founded on the ordinance, for it makes no reference to nor recital that it was for the purpose of fixing a fee for revenue, and that was necessary under the act of 1885.

The act of 1885 authorizes the imposition by license of fees for revenue, but it confers no authority to impose any payment whatever except for licenses exacted by an ordinance duly enacted for that purpose. The ordinance must be in conformity with the act.

The ordinance neither in terms or import indicates any such purpose or effect, and the declaration in neither of the counts makes any averments to that effect. *North Hudson County Railway* v. *Hoboken,* 12 *Vroom* 71; *Morgan* v. *Orange,* 21 *Id.* 389; *Mynes* v. *Cape May,* 23 *Id.* 180, 183; *Johnson* v. *Asbury Park,* 31 *Id.* 427.

The demurrers must be sustained, with costs.