THE MAYOR AND ALDERMEN OF JERSEY CITY v. THE CONSOLIDATED TRACTION COMPANY.

Argued November 5, 1903—Decided February 23, 1904.

By force of the statutes approved March 14th, 1893 (*Gen. Stat.*, pp. 3234, 3235), which authorize one street railway company to lease its property and franchises to another, and the lease made by the Jersey City and Bergen Railroad Company to the Consolidated Traction Company, in which the lessee assumed all the burdens and liabilities of the lessor, Jersey City can enforce against the lessee the liability of the lessor to pay the city a fee for each car run on the railroad.

On demurrer.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and SWAYZE.

For the plaintiff, *Gilbert Collins*.

For the defendant, *Frank Bergen*.

The opinion of the court was delivered by

DIXON, J. In this declaration the plaintiff, the mayor and aldermen of Jersey City, alleges the same facts as are set forth in the declaration by the same plaintiff against the Jersey

City and Bergen Railroad Company, which is the subject of the foregoing opinion, and in addition avers that on September 25th, 1893, the property and franchises of said Bergen company were leased and transferred, subject to all burdens and liabilities of said company, to the defendant in the present suit, the Consolidated Traction Company, which thereupon assumed said burdens and liabilities; and that afterwards, until May 25th, 1898, the Consolidated company continuously ran cars on the tracks constructed in pursuance of the ordinances before mentioned, and thereby became liable to pay to the plaintiff the said license fee of $10 for each car annually, in advance. To this declaration the defendant demurs.

The authority of a corporation owning or operating a street railway in this state to lease its property and franchises to another street railway company is derived from two acts of the legislature, approved March 14th, 1893. *Gen. Stat., pp.* 3234, 3235. These acts authorize the lease to be made for such terms and upon such conditions, limitations and restrictions as the lessor and lessee may agree upon. *Section 1, p.* 3234. Section 16 (*p.* 3241) authorizes the company accepting such a lease to use and operate the franchises and property so leased, and declares that "all debts, liabilities and duties of the lessor corporation shall thenceforth attach to the lessee corporation, and be enforced against or enjoyed by it to the same extent and in the same manner as they were enforceable against or enjoyed by the lessor corporation."

In the suit against the Bergen company we concluded that the facts there stated showed a liability on the part of that company to pay the stipulated license fee to the city. That being so, then, in view of the foregoing provisions of the statutes, under which the lease from the Bergen company to the present defendant was made, and the averment in the declaration that the defendant, by the lease, became subject to and assumed all the burdens and liabilities of the Bergen company, we do not perceive any answer to the claim of the city that it may enforce this liability against the defendant

for cars run by it over the railroad to the same extent and in the same manner as it might have enforced its claim against the Bergen company, if the lease had not been made.

This explicit statutory provision renders it unnecessary to consider the views expressed in *Cape May* v. *Cape May Transportation Co.,* 35 *Vroom* 80, or whether the broad doctrine announced in *Mayor, &c., of New York* v. *Twenty-Third Street Railway Co.,* 113 *N. Y.* 311, would sustain the present suit.

The plaintiff is entitled to judgment on the demurrer.

In the case of the Mayor and Aldermen of Jersey City *v.* North Jersey Street Railway Company, the declaration is not legally different from that against the Consolidated Traction Company, above considered. Therefore, on the same grounds, the same judgment should be rendered.